UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAUL LEE BAKER, <br><br> Petitioner, <br><br> v. <br><br> SUPERIOR COURTS OF CALIFORNIA, *et al.* <br><br> Respondents. | Case No. 2:24-cv-00476-JDP (HC) <br><br> **ORDER** <br><br> FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM, GRANTING LEAVE TO AMEND, AND GRANTING PETITIONER'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* <br><br> ECF Nos. 1 & 12 |

Petitioner, a state prisoner, brings this action under section 2254. ECF No. 1. The petition is deficient because it appears to invoke only questions of state law. I will grant him leave to amend to explain why this action should proceed. I will also grant petitioner's application to proceed *in forma pauperis*. ECF No. 12.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner argues that he is entitled to sentencing relief under California Senate Bill 620

1

and California Penal Code § 12022.53. ECF No. 1 at 1-2. Whether a prisoner is entitled to relief under either is a question of state law that does not give rise to a cognizable federal habeas claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation marks omitted). And petitioner may not transform a state law claim into a federal one merely by asserting that the error of state law is a violation of his federal due process rights. *See Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996) ("Langford may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process."). I will give petitioner leave to amend to explain why this action should proceed despite this deficiency.

Accordingly, it is hereby ORDERED that:

1. The Clerk of Court shall send petitioner a habeas form.
2. Petitioner must file an amended petition within thirty days of this order's entry. If he fails to do so, I will recommend this action be dismissed.
3. Petitioner's application to proceed *in forma pauperis*, ECF No. 12, is GRANTED.

IT IS SO ORDERED.

Dated:   October 2, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2